UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I CHI WU, | Case No. 2:25-cv-2175-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| JAMIE PESCE, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against Judge Jamie Pesce, the El Dorado County District Attorney Vern Pierson, the El Dorado County Sheriff's Office, Marjorie Heny, Kassie Cardullo, and Abigail Rosemary. ECF No. 1. Pending before the court is plaintiff's request to add defendants, ECF No. 8, motion for assistance, ECF No. 21, and motion for a Chinese interpreter, ECF No. 24; and defendants' Pierson, El Dorado County Sheriff's Office, and Cardullo's motion to dismiss under 12(b)(5) and (6), ECF No. 17. Plaintiff's request to add defendants, construed as a motion to amend, and defendants' motion to dismiss, will be granted. The remaining motions will be denied.

**Motion for Assistance and Motion for Chinese Interpreter**

Plaintiff's first motion is difficult to understand. Plaintiff appears to seek guidance on her criminal and civil cases pending in El Dorado County. This court is not authorized to assist plaintiff with her pending lawsuits. Accordingly, the motion is denied,

1

Plaintiff's second motion requests appointment of a Chinese interpreter. The court is unaware of any statute authorizing the expenditure of public funds for a court-appointed interpreter in a civil action. Even if plaintiff were proceeding *in forma pauperis*, which she is not, "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress," *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989), and the court is unaware of an authorization from Congress to use public funds to appoint an interpreter in a civil case. Accordingly, the motion is denied.

**Motion to Add Defendants**

Plaintiff has filed a motion to add new defendants, which the court construes as a motion to amend the complaint. ECF No. 8. Good cause appearing, plaintiff will be provided thirty days to file an amended complaint. Plaintiff is responsible for effectuating proper service on each defendant.[1]

**Motion to Dismiss**

Defendants Pierson, El Dorado County Sheriff's Office, and Cardullo move to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for improper service and failure to state a claim. Defendants contend that plaintiff's service of process was insufficient in various respects, including that plaintiff herself attempted to serve defendants. ECF No. 17-1 at 11-13.

A party may contest the sufficiency of service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(5). Once service has been challenged, the plaintiff bears the burden of showing that service was proper. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). This burden is satisfied when the process server files a return of service, which acts as "prima facie evidence of valid service." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). If there is no defect apparent from the face of the return, the defendant must present evidence showing that he or she was not properly served. *Emine Tech. Co., Ltd. v. Aten Intern. Co.*, No. C 08-3122 PJH, 2008

---

[1] Upon plaintiff's filing of her amended complaint, the court will issue plaintiff summons for any new defendants. Plaintiff is responsible for serving all defendants in compliance with either federal or state service laws. Fed. R. Civ. P. 4(e).

2

1  WL 5000526, at *2 (N.D. Cal. Nov. 21, 2008).  A defendant may overcome this presumption only
2  by "strong and convincing evidence." *Internet Sols. for Bus. Inc.*, 509 F.3d at 1166 (quoting
3  *O'Brien*, 998 F.2d at 1398).

4  It is well established that a party to a lawsuit may not serve process.  *See* Fed. R. Civ. P. 4
5  (c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and
6  complaint.") (emphasis added); *see also* Cal. Civ. Proc. Code § 414.10 ("A summons may be
7  served by any person who is at least 18 years of age and *not a party to the action*.") (emphasis
8  added).  Here, plaintiff's certificates of service indicate on she, despite being a party to the action,
9  attempted to complete service of process.  ECF Nos. 10, 11, & 14.  Plaintiff has filed several
10 documents in response to defendants' motion, *see* ECF Nos. 21, 23, & 24, but none dispute that
11 she did not attempt service herself or demonstrate that service was proper.  As such, service of
12 process was plainly insufficient.

13 "Upon deciding that process has not been properly served on the defendant, a district court
14 has broad discretion to either dismiss the complaint or quash service of process."  *Surefire, LLC v.*
15 *Casual Home Worldwide, Inc.*, 2012 WL 2417313, at *2 (S.D. Cal. Jun. 26, 2012).  "However, if
16 it appears that effective service can be made and there has been no prejudice to the defendant, a
17 court will quash service rather than dismiss the action."  *Id.*  It appears that plaintiff can still
18 effect service on defendants.  Accordingly, I recommend that defendants' motion to dismiss based
19 on plaintiff's improper service of process be granted and service of process be quashed in lieu of
20 dismissal.  Plaintiff shall properly serve defendants within thirty days of service of the first
21 amended complaint.

22 Accordingly, it is hereby ORDERED that:

23 1. Plaintiff's motion for assistance, ECF No. 21, and motion for the appointment of an
24 interpreter, ECF No. 24, are DENIED.

25 2. Plaintiff's motion to add defendants, ECF No. 8, is construed as a motion to amend and
26 is GRANTED.  Plaintiff shall file a first amended complaint within thirty days.

27
28

1    Further, it is hereby RECOMMENDED that defendants' motion to dismiss, ECF No. 17,
2 be GRANTED and the summons for defendants Pierson, El Dorado, and Cardullo, be
3 QUASHED.
4    These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
6 service of these findings and recommendations, any party may file written objections with the
7 court and serve a copy on all parties.  Any such document should be captioned "Objections to
8 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
9 within fourteen days of service of the objections.  The parties are advised that failure to file
10 objections within the specified time may waive the right to appeal the District Court's order.  *See*
11 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
12 1991).

IT IS SO ORDERED.

Dated:    December 12, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE